

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Barry Knox, Chairman,
State Board of Control
Austin, Texas

Dear Mr. Knox:

Opinion No. 0-2815
Re: Whether or not the salary
of a sponsor superintendent
and other necessary work-
men on a WPA project for
work done in the present
fiscal year may be paid
out of the appropriation
for the preceding fiscal
year, where the project
was agreed upon, begun,
and money set aside in
payment therefor in said
preceding fiscal year.

We are in receipt of your request of October 9,
1940, asking an opinion from this department, as follows:

"We are enclosing our complete file on
a W. P. A. landscaping project now in prog-
ress on the grounds of the Kerville State
Sanatorium, Kerrville, Texas, said file con-
taining a copy of the project proposal sub-
mitted by this Board, a copy of a letter
showing acceptance and approval of this
project by the President of the United
States, and various other papers and let-
ters pertaining to the progress and status
of the project.

"This work was begun during the fiscal
year ending August 31, 1940, and the State
Board of Control, as the authorized sponsor
of this W. P. A. project, ordered the trans-
fer of the sum of $13,246 from the Kerrville
State Sanatorium's support and maintenance
appropriation for the year ending Aug. 31,

1940, to that institution's appropriation
for general repairs and improvements.
This amount represented the Sponsor's
share in payment for this project, which
the Federal Government has agreed to
match with $13,409; the estimated total
cost of the project is $26,655.

"The Federal Government furnishes all
common labor for this project from its
W. P. A. rolls, but this Board is required
to furnish a Sponsor's Superintendent, which
it has done. The work has necessarily extend-
ed beyond the fiscal year ending Aug. 31,
1940, and is still in progress. Therefore,
this Board has submitted to the State Comp-
troller a payroll, a copy of which is en-
closed herewith, requesting payment of the
Sponsor's Superintendent's salary for the
month of September, 1940, out of the Kerr-
ville State Sanatorium's appropriation for
general repairs and improvements for the
fiscal year ending Aug. 31, 1940, since the
work was agreed upon and begun by the Board
of Control and the Federal Government in the
last fiscal year, and a certain sum was ear-
marked and set aside out of appropriations
for that year to provide full payment for
the sponsor's share of the project. The
Comptroller's office has refused to approve
payment of this payroll out of last year's
appropriation for that purpose.

"In view of the facts above presented,
and in view of the importance of this ques-
tion in connection with possible future
building projects which cannot be completed
within the term of one fiscal year, your
valued opinion is respectfully requested on
the following questions:

"1. Can the salary of the Sponsor's
Superintendent and other necessary workmen
on this W. P. A, project for work done in
the present fiscal year on said project be
paid out of an appropriation for the preced-

ing fiscal year, where the project was
agreed upon, begun, and money set aside
in payment therefor in said preceding
fiscal year?

"2. In general, where the Board of
Control enters into a construction or
similar projects, purchasing its own
materials and hiring its own workmen for
the project, the time for completion of
which will of necessity extend beyond the
term of the fiscal year in which an appro-
priation is set aside in full payment for
such project, can the workmen on such pro-
ject be paid for work done in a subse-
quent fiscal year out of a preceding
year's appropriation which has been so
earmarked?"

We are of the opinion your questions should
be answered in the negative.

These answers are controlled by the follow-
ing considerations and opinions of this department:

Under Section 6, of Article VIII of the Con-
stitution, no appropriation of money may be made by the
Legislature for a longer term than two years. More-
over, the biennial appropriations by the Legislature
are in truth annual appropriations for the term of two
years, and the balance of sums appropriated for a given
fiscal year revert to the State at the end of that fis-
cal year, in the absence of a specific re-appropriation.

It is the policy and meaning of the law that
the appropriation is to be expended during the year for
which it was made.

It does not follow, however, that an appro-
priation for use during the second fiscal year of the
biennium may not be expended or committed during the
first year. In other words, a purchase or contract
contemplating an expenditure from the appropriation
for the second year of a biennial period may neverthe-
less be validly entered into during the first year,
where the supplies or equipment are not to be delivered
or used, or the services are not to be performed until

the second year. Actual delivery, or performance, however, is not always the test. See our Opinion No. 0-2631. The question propounded by your letter, however, is not answered by these considerations, because it appears the improvement for which the appropriation was made so far as the second fiscal year is concerned has not only not been actually done, but there has been no contract for it, nor commitment of any funds available for the second year. The Board can not by the notional method of attempting to earmark the funds avoid the legal effect of the lapse of the appropriation for the expired year. This would be doing indirectly what can not be done directly, and, moreover, would be to defeat the very purpose of the annual feature of the appropriation. See our Opinion No. 0-320, wherein we said:

"In answer to the three inquiries propounded in your request, we hold that the appropriation effected under Section 18 of Article 5221c terminates by limitation of Section 6 of Article VIII of the Constitution of the State of Texas two years after the effective date of the Steam Boiler Inspection Act, and that whereas the moneys in the 'State Boiler Inspection Fund' created thereby are earmarked for the purpose of the Act and dedicated thereto, nevertheless they can not be expended after the expiration of the original appropriation without further legislative action."

The principle announced in the preceding quotation governs the situation here, and the sponsor superintendent and workmen on the subject project may not be paid for work done in a subsequent fiscal year out of a preceding year's appropriation where, as here, there has been no contract whatsoever binding, or attempting to bind, such preceding year's appropriation.

The plan of the project does not purport to bind the United States, neither does it purport to bind the Board of Control to complete the task begun. It is optional with the Board, and there is nothing which could be held to be an expenditure, commitment or charge whatsoever upon the appropriation for the first fiscal year

of the funds remaining at the end of that year.  This is indispensable to avoid a reversion thereof.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Cole Speer
Assistant

OS-MR

APPROVED OCT 19, 1940

Acting-ATTORNEY GENERAL OF TEXAS